AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>RONY EDUARDO URIZAR,<br><br>Defendant(s) | Case No. 2:21-mj-05773-DUTY |

**LODGED**
CLERK, U.S. DISTRICT COURT
12/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VM___ DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
12/28/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___KL___ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 16, 2021 in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Tsoler Kojayan
Complainant's signature

Tsoler Kojayan, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: December 28, 2021

*Alicia G. Rosenberg*
Judge's signature

City and state: Los Angeles, California

Hon. Alicia G. Rosenberg, U.S. Magistrate Judge
Printed name and title

AUSA: Elia Herrera (x2024)

**AFFIDAVIT**

I, Tsoler Kojayan, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against Rony Eduardo URIZAR ("URIZAR"), also known as "Dopes," for a violation of Title 18, United States Code, Section 922(g)(1): Felon in Possession of Ammunition.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI") and have been so employed since 2010. I am an investigative or law enforcement officer within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

4. I am currently assigned to a Criminal Gang Enterprise Squad at the Los Angeles Field Office of the FBI, which investigates criminal gang activity. I am also a member of the FBI Los Angeles Metropolitan Task Force on Violent Gangs, a multi-agency federal, state, and local gang task force.

5. As an SA, I have participated in investigations of various crimes, including assault, murder, gang activity, and firearms and narcotics trafficking. For the past ten years, I have primarily investigated violent street gangs involved in narcotics distribution crimes, gun crimes, racketeering crimes, and criminal conspiracies. I have also investigated the Mexican Mafia ("EME") prison gang -- its crimes, its members, and its associates -- and have interviewed EME-affiliated gang members regarding the organization's structure, rules, goals, and activities.

6. Throughout my investigations, I have used a variety of law enforcement techniques, including physical and electronic surveillance, controlled drug and gun buys, interviews of witnesses and subjects, use of confidential informants, and execution of search warrants. I have also been the affiant in Title III applications, monitored Title III communications, and conducted surveillance in conjunction with wiretap investigations.

7. As an SA, I have received training, both formal and informal, in investigating federal crimes, including federal narcotic, conspiracy, and racketeering crimes. Throughout my law enforcement career, I have discussed gangs, gang culture,

and gang operations with both experienced law enforcement officers and knowledgeable confidential sources.

8.   Through my experience and training, I have also become familiar with the illicit manner in which firearms are acquired and controlled substances are imported, manufactured, distributed, and sold.  I have become familiar with the efforts of individuals engaged in the importation, smuggling, manufacturing, distribution, and sale of firearms to avoid detection and apprehension by law enforcement officers.

### III. SUMMARY OF PROBABLE CAUSE

9.   On August 27, 2021, at approximately 11:00 p.m., a Los Angeles County Sheriff's Department ("LASD") deputy patrolling the intersection of Pico Vista Road and Loch Avon Drive in the City of Pico Rivera, noticed URIZAR in the driver's seat of a silver Honda SUV (the "Honda"), with temporary license plates, that was parked near a house where a sound alarm and illuminated security lights had been activated.  The deputy approached URIZAR, who appeared startled and nervous, with his hands near his legs, and ordered URIZAR to put his hands on the steering wheel.  While speaking to the deputy, URIZAR admitted that he did not have a valid driver license.  An individual later identified as A.N., walked to the passenger side of the car during the investigation, said her backpack was in the car, and admitted that she was on formal probation.  The deputy ordered URIZAR out of the Honda pending a burglary and unlicensed driver investigation.  The deputies initiated a search of the Honda and one of the deputies saw what appeared to be a firearm on the

driver's side floorboard of the Honda. The deputies recovered a loaded Smith and Wesson revolver with serial number CRJ0961.

10. On September 16, 2021, at approximately 4:58 p.m., LASD deputies patrolling in the City of Pico Rivera, conducted a traffic stop of a green Toyota Corolla for having an expired registration. The passenger of the Toyota, later identified as URIZAR, attempted to open the front passenger door using the outside door handle. One of the LASD deputies ordered URIZAR to not open the door and stay inside the vehicle. However, when the deputy got closer, URIZAR opened the front passenger door and got out. Initially, URIZAR faced the Toyota and began placing his hands behind his back, but as the deputy made contact with URIZAR, URIZAR spun around and attempted to break away from the deputy. The deputy was eventually able to handcuff URIZAR after the deputy directed URIZAR to the ground. The deputy asked if URIZAR had identification, to which URIZAR responded that he had a gun. Deputies searched URIZAR and found a loaded Jimenez Arms .380 semi-automatic pistol in URIZAR's shorts pocket.

11. URIZAR was previously convicted of four felonies, and therefore was prohibited from possessing firearms and ammunition.

## IV. STATEMENT OF PROBABLE CAUSE

12. Based on my review of law enforcement reports and body worn camera footage, conversations with other law enforcement agents and officers, and my own knowledge of the investigation, I am aware of the following:

4

### A. August 27, 2021: LASD Patrol Deputy Conducts Burglary Investigation

13. My review of an arrest report dated August 27, 2021, as well as body worn camera footage from LASD deputies, revealed the following:

14. On August 27, 2021, LASD Deputy Branham was patrolling in an area in Pico Rivera, in Los Angeles County, in a marked black and white police car. Deputy Branham heard an alarm sounding from a residence and saw the security lights of the residence were illuminated. Deputy Branham saw a male, later identified as URIZAR,[1] seated in a silver Honda SUV with temporary paper plates (the "Honda"), with the window down, parked directly to the east of that residence. Deputy Branham stopped next to the Honda and asked URIZAR why he was stopped there. URIZAR appeared startled and nervous. Based on URIZAR's behavior, the sound of the alarm and the illumination of the security lights, and the temporary license plates, Deputy Branham exited his vehicle to investigate. Deputy Branham asked if URIZAR was on probation or parole to which URIZAR responded he was not. Deputy Branham noticed URIZAR's hands were no longer visible and were down near the area of his feet. Deputy Branham told URIZAR to put his hands on the steering wheel.

15. A female, later identified as A.N., walked to the passenger side of the Honda from an unknown direction. Deputy Branham asked A.N. to sit on a nearby ledge.

---

[1] URIZAR is a documented Pico Nuevo gang member with the moniker of "Dopes."

16. URIZAR told the deputy he did not have a valid driver license and he had just purchased the Honda and was trying to get things in order. At this point, Deputy Branham ordered URIZAR out of the Honda, and detained him pending a burglary and unlicensed driver investigation.

**B. LASD Deputy Detains URIZAR and LASD Deputies Find A Loaded Firearm In The Silver Honda**

17. Deputy Branham detained URIZAR in the back of the police car and requested additional units to assist with the investigation.

18. A.N. told Deputy Branham she was on formal probation for battery and that her identification was inside her backpack which was inside the Honda. A.N. was also detained pending the investigation and a probation compliance check. While speaking with Deputy Branham, A.N. appeared to retrieve documents related to her probation and provided the deputy with the name of her probation officer.

19. During the investigation, as additional deputies arrived, a male from the residence told the deputies that the lights and alarm activate when someone is parked near his east fence for a long period of time.

20. After URIZAR stated he did not have a valid driver license, pending verification of URIZAR and A.N.'s identities,[2] and after a records check returned an invalid return on the temporary paper plates, the deputies initiated a search of the car. Deputy Montano noticed what appeared to be a handgun on

---

[2] Deputy Montano conducted records checks of A.N. and advised Deputy Branham that A.N. had a pending no bail warrant.

the floorboard beneath the driver's seat.  The handgun was a silver revolver with a black grip, and was partially wrapped in a white cloth near the area of where Deputy Branham had seen URIZAR reaching at the beginning of their contact.

21.   The firearm recovered was a silver Smith & Wesson revolver with serial number CRJ0961, loaded with four rounds of ammunition.

22.   Deputy Sandoval conducted a records check of URIZAR which revealed that URIZAR was on active parole for a prior felony conviction for a violation of California Penal Code Section 245(a)(2) – Assault with a Deadly Weapon with a Firearm.

23.   URIZAR was handcuffed and arrested for being a felon in possession of a firearm and ammunition.

    **C.**    **Post-Arrest Interview of URIZAR**

24.   After URIZAR's arrest on August 27, 2021, Deputy Branham read URIZAR his <u>Miranda</u> rights.  URIZAR initially said he had just purchased the vehicle a couple hours prior and had searched the car and nothing was left in the car.  URIZAR then said he hadn't completely searched the vehicle.  URIZAR then admitted he did not have a license and was on parole.  When Deputy Branham told URIZAR that something was found in the car, URIZAR denied having knowledge of anything being in the vehicle. URIZAR said the backpacks were theirs, one being his and other belonging to A.N.  He said after purchasing the Honda, he picked up A.N. and did not let anyone else drive it.

**D.  September 16, 2021: LASD Patrol Deputies Conduct Traffic Stop of a Green Toyota**

25.  My review of an arrest report dated September 16, 2021, as well as body worn camera footage from LASD deputies, revealed the following:

26.  On September 16, 2021, LASD deputies were patrolling in an area in Pico Rivera, in Los Angeles County, in a marked black and white police car.  Deputies conducted a traffic stop of a green Toyota Corolla with California license plates (the "Toyota") for having an expired registration.  A female, later identified as A.E., was driving the Toyota.  A male passenger, later identified as URIZAR, was seated in the front passenger seat.  After the Toyota stopped, Deputy Zarda saw URIZAR was attempting to open the front passenger door via the outside door handle.  Deputy Zarda told URIZAR to stay in the car.  As Deputy Zarda got closer to the Toyota, URIZAR opened the door and got out.  Initially, URIZAR faced the vehicle and began to place his hands behind his back.  However, when Deputy Zarda placed his left arm on URIZAR's left arm and began to hold his right arm, URIZAR spun around and attempted to break away from Deputy Zarda.  The deputy was able to maintain control of URIZAR, directed him to the ground, and URIZAR was eventually handcuffed while on the ground.

**E.  LASD Deputy Detains URIZAR and URIZAR States That He Has A Gun**

27.  While on the ground, Deputy Zarda asked if URIZAR had any identification to which he replied "the gun's right there."

URIZAR asked why he was pulled over.  Deputy Zarda told URIZAR the registration of the Toyota was expired.

28.  Deputies conducted a search of URIZAR after his statement regarding the gun.  They found a loaded firearm in URIZAR's shorts pocket.  The firearm recovered from URIZAR's shorts pocket was a Jimenez Arms .380 handgun with serial number 15512, loaded with a magazine containing six rounds of ammunition with one in the chamber.

29.  Deputy Zarda conducted a records check of URIZAR which revealed that URIZAR was on active parole for a prior felony conviction for a violation of California Penal Code Section 245(a)(2) – Assault with a Deadly Weapon with a Firearm.  URIZAR was arrested for being a felon in possession of a firearm and ammunition.

**F.    Post-Arrest Interview of URIZAR**

30.  After his September 16, 2021 arrest, Deputy Guillen read URIZAR his <u>Miranda</u> rights.  URIZAR invoked his right not to speak, and the interview ended.

**G.    URIZAR's Criminal History**

31.  I have reviewed URIZAR's criminal history records and learned that he has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.    On or about December 20, 2013, a violation of California Penal Code Section 4573.6(a): Possession of a Controlled Substance in Prison, in the Superior Court for the State of California, County of Los Angeles, Case Number

9

BA418773. As part of his conviction, URIZAR was instructed to "not own, use or possess any dangerous or deadly weapons, including any firearms, knives or other concealable weapons."

      b. On or about May 29, 2014, a violation of California Penal Code Section 487(c): Grand Theft from Person, in the Superior Court for the State of California, County of Los Angeles, Case Number VA132803.

      c. On or about July 10, 2018, a violation of California Penal Code Section 273.6(d): Violation of Court Order to Prevent Domestic Violence, in the Superior Court for the State of California, County of Los Angeles, Case Number VA147980. URIZAR was instructed that he was "prohibited from owning, purchasing, receiving, possessing or having under his/her custody or control, any firearms, ammunition, and ammunition feeding devices including, but not limited to, magazines," he was, "ordered to relinquish all firearms in the manner provided in penal code section 29810," and he was "provided with a prohibited persons relinquishment form."

      d. On or about February 5, 2020, a violation of California Penal Code Section 273.6(d): Violation of Court Order to Prevent Domestic Violence, and Section 245(a)(2): Assault with a Firearm on Person, in the Superior Court for the State of California, County of Los Angeles, Case Number VA152047. That day URIZAR was instructed that he was "prohibited from owning, purchasing, receiving, possessing or having under his/her custody or control, any firearms, ammunition, and ammunition feeding devices including, but not limited to, magazines," he

was "ordered to relinquish all firearms in the manner provided in penal code section 29810," and he was "provided with a prohibited persons relinquishment form."

### H.   Interstate Nexus

32.  On November 15, 2021, an FBI Interstate Nexus Expert examined the handgun that was seized from URIZAR on August 27, 2021 and determined that the handgun was manufactured outside of the state of California.[3]  That same day, the FBI Interstate Nexus Expert examined the ammunition that was seized from URIZAR on August 27, 2021 and September 16, 2021 and determined that the ammunition was manufactured outside of the State of California.  Because the handgun and ammunition were found in California, the FBI Interstate Nexus Expert concluded that they traveled in and affected interstate and/or foreign commerce.

//
//

---

[3] Based on an initial assessment, the Jimenez Arms handgun which was seized on September 16, 2021, was determined to be manufactured in California or Nevada.

11

## V. CONCLUSION

33. For all of the reasons described above, there is probable cause to believe that URIZAR has committed a violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of Ammunition).

Attested to by the affiant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this 28th day of
December, 2021.

*Alicia G. Rosenberg*

THE HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE